DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA SCHOTT (NYBN 5132063)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.schott@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTOPHER SHAW,<br><br>    Defendant. | NO. CR 13-0398 YGR<br><br>**ORDER OF DETENTION** |

The parties appeared before the Honorable Kandis A. Westmore on May 23, 2019, for a detention hearing on a supervised release violation petition, following the arrest of defendant, Christopher Shaw. At the hearing, the government moved to detain Shaw, arguing that Shaw could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of danger to another person. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that Shaw be detained, due to the risk of danger to another person that he poses.

//

//

Shaw opposed the detention motion and asked to be released from custody. Shaw noted that the state had not proceeded on the charges alleged in the petition, and therefore they should not be the basis for detention. Shaw argued that the allegations underlying the new arrest charges were reported 30 days after the alleged incident occurred, and that the allegations were therefore not necessarily indicative of Shaw's inability to comply with the conditions of his supervised release. Shaw further argued that he had maintained stable housing recently and had never failed to appear for court.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); United States v. Loya, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers, as well as the allegations underlying the Petition, the Court finds that Shaw has not met his burden to provide clear and convincing evidence that he does not pose a risk of danger to another person. The Court therefore orders Shaw detained, but the detention decision is made without prejudice. If Shaw is able to suggest conditions that could mitigate the danger he poses, he may re-raise the detention issue with the Court.

In considering the Court's record and the information presented at the hearing, the Court finds that Shaw did not meet his burden to provide clear and convincing evidence that he is not a danger to another person at this time because: (1) this petition alleges that Shaw choked and struck another person while on supervised release; and (2) Shaw has a history of noncompliance with the terms of his supervised release. The Court accordingly finds that Shaw has not met his burden to establish by clear and convincing evidence that he does not pose a risk of danger to another person.

//
//
//
//
//
//

1     Accordingly, the defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

    IT IS SO ORDERED.

DATED: May 24, 2019

*Kandis Westmore*

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge