# UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

## Second Amended Petition for Warrant for Person Under Supervision

**Person Under Supervision**
Christopher Shaw

**Docket Number**
0971 4:13CR00398-001 YGR

**Name of Sentencing Judge:** The Honorable Yvonne Gonzalez Rogers
United States District Judge

**Date of Original Sentence:** November 7, 2013

**Original Offense:**

Count One: Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1), a Class C Felony

**Original Sentence:** 37 months custody; three years supervised release

**Special Conditions:** Special assessment $100.00; abstain from the use of all alcoholic beverages; drug testing and treatment; expanded search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; collection of DNA; register as required with the state sex offender registration agency; not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18; not associate or have verbal, written, telephonic, or electronic communication with any female person under the age of 18; not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18; allow federal probation to verify participation in state parole mental health counseling and/or treatment; work at least part time per week; prohibited to traveling to Santa Clara County; not have female clothing in personal vehicle.

**Prior Form(s) 12:** January 25, 2017, a Petition for Arrest Warrant for Offender Under Supervision was filed with the Court alleging Christopher Shaw violated his conditions of supervised release, which included possession of a knife and association with an individual with a felony conviction. On February 13, 2017, the Court modified Shaw's conditions of supervised release to include that he reside for a period of up to 90 days at a Residential Re-entry Center (RRC). On February 23, 2017, the Court rescinded the above noted modification.

On March 3, 2017, an Amended Petition for Arrest Warrant for Offender Under Supervision was filed alleging further violations of supervised release to include possession/use of a controlled substance, specifically, marijuana.

On May 17, 2017, a Second Amended Petition for Arrest Warrant for Offender Under Supervision was filed with the Court alleging that Christopher Shaw violated his conditions of supervised release by committing a new law violation.

On January 23, 2018, the Court modified Christopher Shaw's conditions of supervised release to include that he reside for a period of up to 120 days at a Residential Re-entry Center (RRC).

On March 13, 2018, a Third Amended Petition for Arrest Warrant for Offender Under Supervision was filed with the Court, alleging Christopher Shaw violated his conditions of supervised release by committing a new law violation and possession/use of a controlled substance, specifically, marijuana.

On May 3, 2018, Christopher Shaw admitted Charges Three and Six of the Third Amended Petition for Arrest Warrant for Offender Under Supervision filed on March 13, 2018, specifically he used marijuana. His term of supervised release was revoked and he was sentenced to time served and 30 months of supervised release.

On July 6, 2018, a Petition for Arrest Warrant for Offender Under Supervision was filed with the Court alleging Christopher Shaw violated his conditions of supervised release, specifically committing a new law violation, a parole violation and admitted use of marijuana.

On September 17, 2018, Christopher Shaw admitted Charge Two of the Petition for Arrest Warrant for Offender Under Supervision filed on July 6, 2018 specifically he used marijuana. His term of supervised release was revoked, and he was sentenced to three months custody and 24 months of supervised release. Special conditions of supervised release to also include: not be in the vicinity of 23rd and 24th Avenue in Richmond, California nor in the vicinity of Garvin Avenue North to Lowell Street in Richmond, California, subject to any provisions by the probation officer if any circumstances change and not be in the vicinity of Civic Center Motel located at 425 24th Street in Richmond, California.

On March 01, 2019, a Petition for Summons under Supervision was filed alleging Christopher Shaw tested positive for marijuana and failed to report to drug testing. On March 29, 2019, the Court modified Christopher Shaw's supervised release conditions to include mental health treatment. On May 20, 2019, an additional charge of new law violation was added, and a no bail warrant was issued. On December 12, 2019, Shaw admitted to use of marijuana and failing to report to drug testing, the new law violation allegation was dismissed. Shaw was revoked and reinstated, with a sentence of time served followed by 10 months of supervised release.

On May 6, 2020, a Petition for Warrant for Person Under Supervision was filed alleging Christopher Shaw traveled out of the judicial district without getting permission from the Court or Probation. On October 6, 2020, Shaw was arrested for the outstanding federal warrant. On October 9, 2020, Shaw made an appearance before the Magistrate Judge and was ordered detained. A detention hearing was set for October 14, 2020. On October 13, 2020, an Amended Petition for Warrant for Person Under Supervision was filed adding two charges of new law violation. A status hearing is set before Your Honor on December 9, 2020.

| **Type of Supervision** | **Date Supervision Commenced** |
|---|---|
| Supervised Release | December 12, 2019 |
| **Assistant U.S. Attorney** | **Defense Counsel** |
| Jonathan Lee | Edwin Prather (Appointed) |

**Petitioning the Court to incorporate the additional violations into all future proceedings. All additional violations are highlighted in bold**

I, Lisa Hage, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the person under supervision violated Standard Condition Number Three Condition Number Three of supervised release which states he must not knowingly leave the federal judicial district where you are authorized to reside without getting permission from the court or probation officer. |

    On May 4, 2020, Shaw traveled outside the district without authorization.

    On May 4, 2:44 a.m. Washington State Patrol officer David Olson notified the probation office by voicemail, that a traffic stop was conducted on a vehicle Shaw was driving. Officer Olson stopped the vehicle in Snohomish County, Washington, and Shaw was cited for no seat belt and speeding

    Contact was made with Washington State Patrol dispatch who verified the stop and provided the plate number of the vehicle Shaw was driving. Dispatch stated the vehicle was initially stopped for aggressive driving. A record check of the vehicle revealed it is a vehicle rented from SeaTac Airport in Seattle.

    Evidence to support this charge is the voicemail left by Officer David Olson. In addition, Shaw's identifying information was run through the National Crime Information Center data base at the time officer Olson had contact with the offender, which included name,

RE: Shaw, Christopher 4
0971 4:13CR00398-001 YGR

date of birth, and driver license number, which all matched Shaw's. Also, the undersigned officer can testify Shaw was never given permission to travel out of the Northern District of California.

| Charge Number | Violation |
|---|---|
| Two | There is probable cause to believe Christopher Shaw violated the statutory condition of supervised release which states he shall not commit another federal, state or local crime. |

On September 8, 2020, at approximately 5:34 p.m., Christopher Shaw committed Failure to Obey a Peace Officer, a misdemeanor violation of California Vehicle Code 2800.

According to Oakland Police Department Crime Report, LOP200908000767, on September 8, 2020, Oakland Police Department (OPD) Officers Joseph Duran and M. Gocobachi were assigned to an arrest team for an undercover prostitution operation. Both officers were in full police uniforms and driving a fully marked patrol vehicle.

The officers were advised to conduct a traffic stop on a Jeep Wrangler driven by Shaw; who had been positively identified by an undercover officer and advised Shaw had an active felony warrant.

The officers pulled behind Shaw on Fruitvale Avenue as he was stopped at a red traffic light. The officers activated the patrol vehicles lights and sirens. Suddenly, Shaw drove around vehicle that were stopped at the intersection, and then accelerated through the red traffic light. Shaw drove erratically putting other drivers lives and safety in danger. For community safety OPD terminated the pursuit.

Evidence in support of this charge includes Oakland Police Department report number LOP200908000767.

| Charge Number | Violation |
|---|---|
| Three | There is probable cause to believe Christopher Shaw violated the statutory condition of supervised release which states he shall not commit another federal, state or local crime. |

On May 2, 2020, Shaw traveled out of the state of California to the state of Washington for an unknown period of time. Shaw did not register or notify the state of Washington or California of his travel or change of residence. This is a violation of 18 U.S.C. § 2250 –

> Failure to Register (as defined for the purposes of the Sex Offender Registration and Notification Act), a felony.
>
> Evidence to support this charge is supported by a rental car agreement, Washington State Police Citation, and the Sex Offender Notification Registration Act of 2006 (SORNA) notification which Shaw signed on December 27, 2019.

| **Charge Number** | **Violation** |
|---|---|
| **Four** | **There is probable cause to believe Christopher Shaw violated the statutory condition of supervised release which states he shall not commit another federal, state or local crime.** |

> **From May 2020 to September 22, 2020, Shaw committed the following crimes: Exhibit Firearm, a felony in violation of California Penal Code § 417(A)(2); Threaten Crime With Intent to Terrorize, a felony violation of California Penal Code § 422, Inflict Corporal Injury on Spouse/Cohabitant. a felony violation of California Penal Code § 273.5; Pimping for Prostitute Over 16, a felony violation of California Penal Code § 266H(B)(1); Pandering: Procure Person for Prostitution, a felony violation of California Penal Code § 266(A)(1).**
>
> **On September 17, 2020, a female victim Jane Doe was in custody at Alameda County Jail. Doe reported to deputies she was in fear of her life. Doe stated Shaw was her boyfriend and her "pimp". Doe was interviewed on September 22, 2020, by Detective Sarah Bender with Sexual Assault Felony Enforcement (SAFE) Task Force. Doe reported in May 2020 she met Shaw in Houston, Texas at a hotel. Shaw was present at the hotel with another prostitute Taylor Griffin, also known as Storm. Shaw told Doe he was in Houston to "pimp" Griffin. Doe began working for Shaw as a prostitute in Houston and engaged in sex for money. Any money Doe earned had to be given to Shaw.**
>
> **Doe said she would work with Shaw on the "track" or he would post advertisements through another women Jaquela Gamble on the internet. Doe said she worked daily, earning approximately $1000 a day, which all would be given to Shaw. Doe also had a sexual relationship with Shaw.**
>
> **Doe ran away from Shaw in July 2020. In August 2020, Shaw began to contact her via cellphone and flew her from Texas to San Francisco International Airport. Within a day of arrival Doe began to prostitute for Shaw in Oakland. Doe primarily stayed with Shaw and Taylor Griffin at the Parkland Hotel and**

Jack London Inn in Oakland. Doe reported an incident of Shaw choking her after an argument with Griffin. Doe then ran away from Shaw but due to having nowhere to go she returned to Shaw. Shaw then threatened her with a firearm stating he would kill her if she left him again.

A few days after this incident on September 3, 2020, Doe tried to board a plane at Oakland Airport, but was arrested for an outstanding warrant out of Texas. Shaw contacted Doe's mother and told her that if Doe did not return to him he would kill her.

A forensic review of Doe's phone revealed text messages from Shaw's phone number 510-691-0071 threating to kill Doe. Also, photographs were found from Shaw's social media Instagram account "kinghyena1000". Doe also had a picture of her plane ticket from Texas to California.

Doe's mother was contacted and verified Shaw had prostituted Doe and he had threatened to kill Doe. In addition, she advised Doe was pregnant with Shaw's child.

Evidence to support this charge is in Alameda County Sheriff's Department Incident Report 20-013798.

| Charge Number | Violation |
|---|---|
| Five | There is probable cause to believe Christopher Shaw violated the statutory condition of supervised release which states he shall not possess a controlled substance. |

On October 6, 2020, Shaw possessed marijuana, a misdemeanor violation of California Health and Safety Code § 11357.

Alameda County Sherriff's Department arrested Shaw at the Oakland Airport for a federal warrant for violation of supervised release.

A search warrant for Shaw's luggage was obtained and inside Shaw's suitcase was 6.13 grams of marijuana in leafy substance form and a bottle labeled THC syrup "Hustle Juice."

Southwest Airlines provided deputies a copy of Shaw's boarding pass a flight he had purchased to Las Vegas, Nevada.

**RE:** Shaw, Christopher 7
0971 4:13CR00398-001 YGR

**Evidence to support this charge is in Alameda County Sheriff's Department Incident Report 20-014648.**

Based on the foregoing, we request the Court to take judicial notice of the additional violations highlighted in bold and to incorporate the additional violations into all future proceedings.

Respectfully submitted, Reviewed by:

_____  _____
Lisa Hage                    Octavio E. Magaña
U.S. Probation Officer Specialist   Supervisory U.S. Probation Officer
Date Signed: December 1, 2020

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The Court takes judicial notice of the additional violations and incorporates them into all future proceedings.

☐ Other:

_____  _____
December 3, 2020             Yvonne Gonzalez Rogers
Date                         United States District Judge

**RE:** Shaw, Christopher 8
0971 4:13CR00398-001 YGR

APPENDIX

Grade of Violations: B [USSG §7B1.1(a), p.s.]

Criminal History at time of sentencing: IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Two years | 12-18 months |
|  | 18 U.S.C. § 3583(e)(3) | USSG § 7B1.4(a), p.s. |
| **Supervised Release:** | Three years, less any time in custody upon revocation | Three years, less any time in custody upon revocation |
|  | 18 U.S.C. § 3583(h) | USSG § 7B1.3(g)(2), p.s. |
| **Probation:** | Not Authorized | Not Applicable |